[Civ. No. 11253. Second Appellate District, Division Two.—December 30, 1936.]

In the Matter of the Estate of ELLA HOTCHKISS EDWARDS, Deceased. FIRST TRUST AND SAVINGS BANK OF PASADENA, Administrator, etc., Appellant, v. BERKELEY H. EDWARDS, Executor, etc.; KENNETH B. EDWARDS et al., Respondents.

Cruickshank, Brooke & Evans, Lloyd W. Brooke, Newlin & Ashburn and A. W. Ashburn for Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark, Arch H. Vernon, Earl E. Johnson and Ralph H. Spotts, as *Amici Curiae*, on Behalf of Appellant.

Donald J. Dunne for Respondents.

CRAIL, P. J.—The appellant states: "The question involved on this appeal is: . . . did the trial court err in finding that appellant . . . acted improperly and *did not exercise reasonable judgment* in depositing the cash funds of the estate during the ordinary course of administration thereof in the commercial department of its bank . . . " The respondents make the same statement in somewhat clearer form and we adopt it as follows: "The only question involved on this appeal is: Is there any substantial evidence to support the trial court's finding that appellant . . . did not exercise reasonable judgment in depositing the cash funds of the estate during the administration thereof in the commercial department of its bank, and that it should have kept said cash funds in a savings bank deposit; and in ordering upon said findings that appellant pay interest upon said cash funds at the same rate payable by the said bank on savings deposits." The appellant, after stating its refusal to admit that the above counterstatement presents the controlling question on appeal, proceeds: "What we do maintain is that it was incumbent upon the trial court below *to consider the evidence* that was before the court *in light of the well settled rules of law* . . . " (Italics by appellant.) ■ Having thus been clearly told by all the parties that the question before us is one of law, only in the sense that it is claimed that there is not any substantial evidence to support the findings, we shall not be led, in this opinion, into any discussion of legal questions. Our sole duty is to search the record to see if there is any substantial evidence to support the findings of the trial court, and if we find such evidence the necessity for further search ceases.

The will of testatrix was admitted to probate on January 17, 1935, and letters of administration with the will annexed were issued to the appellant. The decedent had been adjudged incompetent prior to her death and the appellant for a considerable period had acted as guardian of her estate and had the assets of her estate in its possession. The estate consisted of cash amounting to $25,746.53, also government bonds and other high-grade bonds of the appraised value of $171,392.92. During the administration and up to July 30, 1935, there was collected by the appellant, $9,304.29 as interest and dividends. In addition the appellant sold for cash bonds for which there was received a total of $22,694.80. All of said bonds were bearing interest at the time they were sold. All of said money was deposited by the appellant bank in the commercial department of its own bank in a noninterest-bearing commercial account. The bank knew from its experience as guardian that there were no substantial claims to be presented against said estate, and in any event no claim would be payable until the settlement of its account. When appellant deposited the funds of said estate in its commercial department it transferred to the trust department interest-bearing bonds to secure such deposit. Thus the trust department, an entirely separate entity for purposes of administration of this estate, received in exchange for the cash funds interest-bearing government bonds and made no accounting to the estate for the interest received on such bonds. During all this time Kenneth B. Edwards, one of the respondents and one of the owners of the estate subject to administration, was paying to the bank seven per cent interest on money which he owed the bank and which he could not pay while the estate was in process of administration. The appellant's complaint is that it was charged with two per cent interest. At the time the petition for distribution was filed there was on hand after the payment of all claims, taxes, fees and all other expenses, $29,277.18. At all times during the administration of the estate the appellant had in its possession in excess of the sum of $29,000. There were reasonable grounds to believe at the time the funds came into the possession of the appellant that they would be held over a period in which they would presumably accrue interest from a savings bank deposit and that $2,000 would have been a reasonable sum

to have deposited in a commercial account subject to checks for immediate needs of administration, and the court found that $27,000 should have been deposited in a savings bank deposit during the period of administration. In settling its final account it charged the bank accordingly. Under our view of the case it cannot be said that there is not any substantial evidence to support the findings of the trial court.

Judgment affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court after judgment in the District Court of Appeal, was denied by the Supreme Court on February 25, 1937.